# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

SALVADOR CASTRO,

           Plaintiff,

        v.

ORANGE COUNTY SHERIFF'S
DEP'T, et al.,

           Defendant.

Case No. SA CV 19-2051 DSF (MRW)

**ORDER DISMISSING ACTION**

      The Court dismisses this action due to the failure of a <u>pro se</u> litigant to amend his complaint or respond to court orders.

* * *

      1.    This is a prisoner civil rights action.  Plaintiff Castro formerly was a pretrial inmate at a local jail in Orange County, California.  He alleged that he was denied access to jail programs based on his sexual orientation and his placement in a protective housing unit.  (Docket # 1.) Plaintiff's original complaint was dismissed for failure to plead facts sufficient to state a plausible claim.  (Docket # 4.)

2.     Plaintiff subsequently submitted a more detailed First Amended Complaint.  (Docket # 5.)  Magistrate Judge Wilner screened the pleading pursuant to 28 U.S.C. §1915A.  Magistrate Judge Wilner ordered the amended complaint to be served on the county sheriff in his official capacity.  (Docket # 6-8.)

3.     The sheriff moved to dismiss the First Amended Complaint on various grounds.  (Docket # 12.)  In June 2020, Magistrate Judge Wilner issued a decision granting the motion and dismissing the First Amended Complaint with leave to amend.  (Docket # 20.)  The order explained the defects with Plaintiff's First Amended Complaint.  It also specifically warned Plaintiff that failure to file a new complaint would result in a recommendation of dismissal of the action under Federal Rule of Civil Procedure 41(b).

4.     Plaintiff asked for and received two extensions of time to attempt to amend the complaint.  (Docket # 23, 24, 26, 27.)  Plaintiff's extended amendment deadline expired in late September 2020.  However, Plaintiff failed to amend his complaint.  Further, although Plaintiff's action sought to challenge conditions of confinement at the jail facility, Plaintiff has apparently been out of custody since May 2020.  (Docket # 21.)

5.     In October 2020, Judge Wilner ordered Plaintiff to show cause why the action should not be dismissed.  The OSC again informed Plaintiff of the consequences of failing to file an amended complaint.  (Docket # 28.)  Plaintiff failed to file any response to the OSC.

* * *

6.     Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss

2

the action or any claim against it." Dismissal also may be ordered by the Court <u>sua sponte</u>. <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-30 (1962).

7. Rule 41(b) specifically authorizes a court to dismiss a civil action when a plaintiff has not filed a required pleading "after being given leave to do so and has not notified the court of his intention not to file" that document. <u>Harris v. Magnum</u>, 863 F.3d 1133, 1142 (9th Cir. 2017). Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and "indicate[s] that failure to do so would result in dismissal" under the rule. <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d 884, 892 (9th Cir. 2019).

8. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. <u>Omstead v. Dell, Inc.</u>, 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. <u>Carey v. King</u>, 856 F.2d 1439, 1440 (9th Cir. 1988).

9. In the present action, the Court concludes that dismissal of the action is appropriate. Plaintiff failed to amend his complaint after receiving an explanation of its problems from the magistrate judge. Further, Plaintiff did not respond to an order to show cause triggered by his failure to file a timely amended complaint. Plaintiff's inability to either file a valid complaint or follow the magistrate judge's orders demonstrates that he has no interest in advancing the action here.

10. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively chose to abandon his case by failing to respond to

1    court orders.  Furthermore, because Plaintiff is a <u>pro se</u> litigant who did

2    not comply with the magistrate judge's previous orders, no sanction short

3    of dismissal will be effective in moving this case forward.  <u>Carey</u>, 856 F.2d

4    at 1440.  The Court concludes that dismissal is appropriate under

5    Rule 41(b).  <u>Applied Underwriters</u>, 913 F.3d at 892.

6         11.    Dismissal under Rule 41(b) ordinarily "operates as an

7    adjudication on the merits" of a claim.  Therefore, the present action is

8    DISMISSED with prejudice.

9         IT IS SO ORDERED.

10   DATED:  December 8, 2020

11    

12                              Honorable Dale S. Fischer
                           UNITED STATES DISTRICT JUDGE

13

14   Presented by:

15

16

17

18   HON. MICHAEL R. WILNER
     UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28